IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-91-AP

WILDEARTH GUARDIANS

    Plaintiff,

v.

KEN SALAZAR, in his official capacity as United States Secretary of the Interior.

    Defendant.

_____

**JOINT CASE MANAGEMENT PLAN**
_____

**1.    APPEARANCES OF COUNSEL AND PRO SE PARTIES:**

    The scheduling conference for the above case was held on Friday, April 23rd, at 9:00 a.m via teleconference.

        **For Plaintiff:**

                Misty K. Ewegen
                Attorney / Child and Family Investigator
                Mile High Law Office, LLC
                Independence Plaza B-180, #129
                1001 Sixteenth St., Denver, CO 80265
                Phone Number: 1-800-760-MHLO (6456)
                Fax Number:    866-235-2074
                Email: misty@milehighlawoffice.com

        **For Defendant:**

                Ignacia S. Moreno,
                Assistant Attorney General
                Jean E. Williams, Section Chief
                Rickey D. Turner Jr.
                Trial Attorney (CO Bar # 38353)
                U.S. Department of Justice
                Environment & Natural Resources Division
                Wildlife & Marine Resources Section
                Ben Franklin Station
                P.O. Box 7369
                Washington, DC 20044-7369

Phone: (202) 305-0229  
Fax: (202) 305-0275  
Email: rickey.turner@usdoj.gov

**2. STATEMENT OF LEGAL BASIS FOR SUBJECT MATTER JURISDICTION**

Plaintiff asserts that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346 (U.S. as a defendant), 28 U.S.C. §§ 2201-2202 (declaratory and injunctive relief), 16 U.S.C. §§ 1540(c) and (g) (action arising under the Endangered Species Act ("ESA") and citizen suit provision), and 5 U.S.C. §§ 701-706 (Administrative Procedure Act). More than sixty days prior to the filing of the complaint[1], Plaintiff provided Defendant with the written notice of the claims alleged in the Complaint and of its intent to sue. See 16 U.S.C. §1540(g). Plaintiff further asserts that it has Constitutional, Article III, standing to maintain this action and that venue properly rests in the District of Colorado.

Defendant reserves the right to assert jurisdictional defenses, including challenging Plaintiff's standing under Article III. Defendant also reserves the right to challenge whether venue may be more appropriate in another venue.

**3. DATES OF FILING OF RELEVANT PLEADINGS**

A. **Date Complaint Was Filed:**

January 15, 2010

B. **Date Complaint was Served:**

January 26, 2010

C. **Date Answer was filed:**

---

[1] Plaintiff's Complaint was a Petition for Review of Agency Action and is governed by Olenhouse v. Commodity Credit Corp., 42 F.3d 1560, 1580. (10th Cir. 1994).

March 22, 2010

**D. Date Administrative Record was filed:**

Defendant has not yet filed the Administrative Record. Defendant proposes to file the Administrative Record by June 4, 2010. Plaintiff has no objection to this deadline.

**4.    STATEMENT REGARDING THE ADEQUACY OF THE RECORD:**

Defendant proposes filing the record by June 4, 2010. Therefore Plaintiff has not had an opportunity to review the record and cannot presently make any statements as to the adequacy of the record. Plaintiff proposes that any motions concerning the contents of the Record be filed with the Court by July 2nd, 2010. Defendant does not object to this deadline.

**5.    STATEMENT REGARDING ADDITIONAL EVIDENCE:**

As discussed in item 4 above, Plaintiff may file a motion seeking to add evidence to the Administrative Record by July 2nd, 2010.

Further, Plaintiff will support its Opening Brief on the Merits[2] with one or more declarations that will provide the evidentiary support from which Plaintiff can prove it has Constitutional standing (Article III). Defendant intends to take discovery as to Plaintiff's standing. Plaintiff asserts that because this is an Olenhouse record review proceeding, in which discovery is generally not allowed,[3] Defendant must file a motion seeking such discovery. Defendant asserts that jurisdictional discovery is appropriate before the parties proceed to

---

[2] While the parties agree that the Court must, in accordance with Olenhouse, 42 F.3d at 1580, govern itself by referring to the Federal Rules of Appellate Procedure, the parties do not intend to style their briefs in strict adherence to the service, formatting, and hard copy requirements of Fed. R. App. P. Rules 31 and 32, and do not intend to file appendices in lieu of Federal Defendant's forthcoming Administrative Record.

[3] See Olenhouse, 42 F.3d at 1579 ("This process [referring to how "the District Court processed the Farmers' appeal as a separate and independent action, initiated by a complaint and subjected to discovery and a 'pretrial' motions practice"], at its core, is inconsistent with the standards for judicial review of agency action under the APA.").

litigation of the merits of this dispute, and thus no leave of court is necessarily required before proceeding with jurisdictional discovery. However, the parties have agreed in <u>Wildearth Guardians v. Salazar</u>, No. 1:10-cv-11-AP (D. Colo.) that Defendant shall file a motion for jurisdictional discovery by June 11, 2010 to allow the Court to determine whether Defendant's proposed discovery is appropriate. The parties agree that the Court's decision on that motion will govern whether Defendant is entitled to conduct jurisdictional discovery in this case.

Accordingly, in the event the Court grants Defendant's motion for jurisdictional discovery in <u>Wildearth Guardians v. Salazar</u>, Civ. No. 1:10-cv-11-AP, Defendant shall propound his initial written discovery in this case within 7 days of entry of the order granting the motion. Jurisdictional discovery shall be completed within 90 days of commencement of discovery.

**6.     STATEMENT REGARDING UNUSUAL CLAIMS OR DEFENSES:**

Defendant believes that the question of standing in this action is a more substantial issue than in the typical administrative appeal. This action arises from two petitions submitted by Plaintiff which sought ESA listing for 674 species. By contrast, in a normal year approximately 50 species are petitioned for listing. The petition did not include any information relating to the species at issue here, the Scott's Riffle Beetle, that was generated by Plaintiff. Instead, it simply referred Defendant to a database maintained by a third party. Accordingly, Plaintiff's actual interest in the species at issue here, separate from any procedural rights, is in question. Thus Defendant intends to pursue jurisdictional discovery in keeping with the proposition that a court must address jurisdictional questions before proceeding to the merits.

Plaintiff asserts that this case is a typical administrative appeal case concerning Plaintiff's petition as to a single species. The species at issue, the Riffle Beetle, is found in one location in

Lake Scott State Park in Kansas, where Plaintiff's members camp and recreate. Plaintiff is confident it will be able to establish standing to proceed to the merits of the case.

**7.   OTHER MATTERS:**

As noted above, this case is similar in procedural posture to <u>Wildearth Guardians v. Salazar</u>, No. 1:10-cv-00011-AP (D. Colo.) (Narrow-foot hygrotus diving beetle).  Accordingly, the parties have agreed that the Court's ruling on Defendant's discovery motion in that case will guide discovery practice in this case.

**8.   PROPOSED BRIEFING SCHEDULE:**

Plaintiff shall file any motion regarding the contents of the administrative record no later than July 2nd, 2010.

As the parties intend to engage in motion practice concerning discovery, they propose that the Court not set a merits briefing schedule at this time.  Instead, the parties propose that they submit a proposal for further proceedings within 14 days of the Court's decision on Defendant's jurisdictional discovery motion.

**9.   STATEMENTS REGARDING ORAL ARGUMENT:**

Plaintiff's Statement: The ESA is a unique and fairly specialized area of law. Plaintiff believes that oral argument would assist the Court in its resolution of this case.

Defendant's Statement: Defendant does not object to Plaintiff's request for oral argument.

**10.   CONSENT TO EXERCISE OF JURISDICTION BY MAGISTRATE JUDGE:**

The parties do not consent to the exercise of jurisdiction of a United States Magistrate Judge.

**11.   OTHER MATTERS:**

The parties understand that parties filing motions for extensions of time or continuances must comply with D.C.COLO.LCivR 7.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

**12.    AMENDMENTS TO JOINT CASE MANAGEMENT PLAN**

The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of good cause.

DATED this 27th day of May 2010

BY THE COURT:

*s/John L. Kane*
U.S. DISTRICT COURT JUDGE

APPROVED:


____*/s/ Misty Ewegen*_____
**Misty K. Ewegen**
Attorney / Child and Family Investigator
Mile High Law Office, LLC
Independence Plaza B-180, #129
1001 Sixteenth St., Denver, CO 80265
Phone Number: 1-800-760-MHLO (6456)
Fax Number: 866-235-2074
Email: misty@milehighlawoffice.com


APPROVED:


____*/s/ Rickey Turner*_____
RICKEY D. TURNER, JR.
Trial Attorney (CO Bar # 38353)
U.S. Department of Justice
Environment & Natural Resources Division

Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0229
Fax: (202) 305-0275
Email: rickey.turner@usdoj.gov
Attorney for Federal Defendants